# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-2119V
UNPUBLISHED

| | |
|---|---|
| JOHN P. LYNCH,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: July 30, 2024 |

*Bijan Esfandiari*, Wisner Baum LLP, Los Angeles, CA, for Petitioner.

*Julia M. Collison*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On December 13, 2023, John Lynch filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34 (the "Vaccine Act"). Petitioner alleged that he suffered various injuries from a human papillomavirus ("HPV") vaccination he received on June 22, 2020. ECF No. 1 at 2.

Because the petition was untimely filed, and Petitioner has failed to establish a basis for equitable tolling, Respondent's motion to dismiss is **GRANTED** and this case is **DISMISSED**.

## Relevant Factual Background

Petitioner received an HPV vaccination on June 22, 2020, when he was eighteen years old at a well man appointment. Exhibit 7 at 39. Petitioner stated that his mother was present when he received this vaccination, but the appointment records do not state that anyone accompanied Petitioner. Exhibit 1 (affidavit) ¶ 3; exhibit 7 at 37-40. Even if Petitioner's mother was present at the appointment, Petitioner has not submitted an affidavit from her to support what happened during the appointment.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

After the HPV vaccination, Petitioner stated he began to experience headaches, rapid heartrate, dizziness, weight loss, and loss of appetite. Exhibit 1 ¶ 5. At least some of these symptoms began in July 2020. Exhibit 7 at 24. Petitioner was later diagnosed with postural orthostatic tachycardia syndrome ("POTS"). Exhibit 1 ¶ 6.

Facially, Petitioner's claim herein was filed over three years after the HPV vaccination, which was administered in June 2020, and three years after he began manifesting symptoms in July 2020. But Petitioner maintains his delay is excusable. Thus, in an affidavit dated December 13, 2023, Petitioner has attested that, at the time this vaccination occurred, no Vaccine Information Statement (VIS) was provided and no information was relayed about the Vaccine Program. Exhibit 1 ¶ 3. Petitioner only learned in September 2022 that the HPV vaccine might be capable of causing adverse effects and only became aware of the Vaccine Program in June 2023. *Id.* ¶ 7; exhibit 3 ¶ 8.

## **Relevant Procedural History**

On December 20, 2023, Respondent filed a motion to dismiss arguing that the claim had been filed outside the Vaccine Act's 36-month statute of limitations, Sec. 16(a)(2). ECF No. 6. Respondent maintained that Petitioner had not diligently pursued his rights before filing a vaccine claim in 2023. Respondent also disputed the veracity of contentions about the manufacturer's conduct, and whether it could in any event constitute an extraordinary circumstance that would serve as a basis for tolling the statute of limitations.

On February 2, 2024, Petitioner filed a response. ECF No. 8. Petitioner did not dispute the onset of symptoms in July 2020, or that his petition was filed in 2023 (beyond the statute of limitations deadline), but instead argued that the limitations period should be equitably tolled. Petitioner asserted that he had diligently pursued his rights once he realized the connection between his injuries and the HPV vaccine and became aware of the Vaccine Program. Petitioner also made allegations not relevant to a Vaccine Act claim, about the perfidious conduct of the vaccine manufacturer in fraudulently concealing the HPV vaccine's harmful character from the public. ECF No. 8 at 18. Relatedly, Petitioner argued that the failure of a healthcare professional to provide him with a Vaccine Information Statement at the time of vaccination can be attributed to the Department of Health and Human Services' failure to systematically ensure that VIS are provided and explained to all vaccine recipients. *Id.* at 2.

Respondent did not file a reply to Petitioner's response.

## **Legal Standards**

The Vaccine Act's statute of limitations is thirty-six months. Sec. 16(a)(2). The statute begins to run from the manifestation of the first objectively cognizable symptom, whether or not that symptom is sufficient for diagnosis (or even recognized by a claimant as significant). *Id.*; *Carson v. Sec'y of Health & Hum. Servs.*, 727 F.3d 1365, 1369 (Fed. Cir. 2013).

The Federal Circuit has held that the doctrine of equitable tolling can apply to Vaccine Act's statute of limitations. *See Cloer v. Sec'y of Health & Hum. Servs.*, 654 F.3d 1322, 1340-41 (Fed. Cir. 2011). However, in keeping with applicable U.S. Supreme Court precedent, equitable tolling of a limitations period is to be permitted "sparingly." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, (1990). The appropriateness of equitable tolling is ultimately to be determined on a case-by-case basis, without rigid application of any relevant overarching guidelines. *Holland v. Florida*, 560 U.S. 631, 649–50 (2010); *accord Arctic Slope Native Ass'n v. Sebelius*, 699 F.3d 1289, 1295 (Fed. Cir. 2012).

Petitioners must prove two elements to establish equitable tolling: (1) that petitioner diligently pursued her rights, and (2) an extraordinary circumstance prevented her from timely filing the claim. *K.G. v. Sec'y of Health & Hum. Servs.*, 951 F.3d 1374, 1379 (Fed. Cir. 2020) *(citing Menominee Indian Tribe v. United States*, 577 U.S. 250, 255 (2016)). When first articulating this limited exception to equitable tolling, the Federal Circuit primarily enumerated fraud and duress—but not, for example, *lack of awareness* on a petitioner's part that she might have an actionable claim. *Cloer*, 654 F.3d at 1344–45 (noting that tolling of the Vaccine Act's statute of limitations period is not triggered "due to unawareness of a causal link between an injury and administration of a vaccine").

## **Analysis**

The untimeliness of this filing is acknowledged by Petitioner, so the only question to be resolved is whether equitable tolling should save the claim. But Petitioner has failed to establish both elements of equitable tolling – diligent pursuit and extraordinary circumstances.

*A) Diligent pursuit*

Petitioner was eighteen years old when he received the HPV vaccination at issue. Petitioner argues that he was impeded by the failure of the vaccine administrator to provide him with a VIS or any other information about the Vaccine Program. Petitioner only began to diligently pursue a vaccine claim after he learned in June 2023 that he had a legal remedy for potential adverse effects of the HPV vaccine.

These arguments are wholly unpersuasive. It is beyond question that claims asserted in the Vaccine Program are not subject to a "discovery rule," accruing only when a claimant *learns* he or she might possess a cause of action. Rather, the statute of limitations period is triggered by the onset of Petitioner's symptoms – whether or not onset was understood to be the start of the claimed injurious illness or condition. *Cloer v. Sec'y of Health & Hum. Servs.*, 654 F.3d 1322, 1340 (Fed. Cir. 2011) (en banc). And the failure to be advised of the Vaccine Program or the Act does not support equitable tolling of the statute of limitations period for an otherwise-untimely filed petition. *Speights v. Sec'y of Health & Hum. Servs.*, No. 03-2619V, 2013 WL 5944084, at *13 (Fed. Cl. Spec. Mstr. Oct. 17, 2013). Thus, a petitioner cannot generally shield an untimely claim from dismissal by asserting, even in good faith, that she literally was unaware of her Vaccine Act "rights."

### B) *Extraordinary Circumstances*

Petitioner's arguments about the purported fraudulent conduct of the vaccine's manufacturer, in hiding proof of the vaccine's dangers, deserve even less consideration. ECF No. 8 at 18. As a threshold matter, these contentions are speculative and not evidentiarily-supported. And regardless of their actual truth, the fact remains that the Government *has approved* the HPV vaccine for administration to minors, rendering it "covered" under the Act. The only issue to be resolved in a Program case is whether (assuming, as here, the claim is not a Table claim) the claim meets the standards for causation – and those standards have nothing to do with a manufacturer's alleged misconduct in preparation or promotion of the underlying vaccine.

These allegations also are not a basis for tolling under the circumstances. Petitioner simply has not shown that contentions of corporate misconduct not specific to, or directed at, him personally could rise to the level of the kind of "fraud" that might excuse failing to file a Program claim in a timely manner. Nor has he persuasively established that the vaccine administrator's "failure to warn," or provide a VIS in 2020, is an extraordinary circumstance. Even assuming the factual accuracy of that allegation, it remains the case (as the Circuit recognized in *Cloer*) that vaccine claims accrue upon onset – and that the failure to be advised of the Vaccine Program does not support equitable tolling. *Cloer,* 654 F.3d at 1340; *see also Speights,* 2013 WL 5944084, at *13. And arguments about governmental agency knowledge of a failure to warn reflect overheated, almost-conspiratorial allegations that do not come close to excusing the claim's untimely nature.

4

## Conclusion

Thus, Petitioner has failed to establish equitable tolling. **This case is dismissed for being untimely filed. The Clerk of Court shall enter judgment accordingly.**[2]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[2] If Petitioner wishes to bring a civil action, she must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."